ELIZABETH E. FOLEY *vs.* DAVID S. RAY, Town Treasurer.

PROVIDENCE—MAY 10, 1905.

PRESENT: Douglas, C. J., Dubois and Blodgett, JJ.

(1)  *Highways.  Duty to Keep in Repair.*

A reasonable distinction ought to be made between the care necessary for the construction, maintenance, and repair of a country road and that appropriate in the case of a city street.   The question is one of fact for the jury.

(2)  *Highways.*

The charter of the Watchemoket Fire District, authorizing said district to enter upon and dig up any highway for the purpose of laying pipes, and to carry any works to be constructed by them over or under any highway, does not authorize said fire district to maintain a dangerous obstruction in a public highway, nor does it relieve the town of liability after it has received notice that the highway has been rendered unsafe and dangerous by an obstruction caused by said fire district.

TRESPASS ON THE CASE against a town for neglecting to keep one of its highways safe and convenient for travellers.   Heard on demurrer to pleas, and demurrer overruled as to the second plea, and sustained as to the third plea.

DUBOIS, J.   This is an action of trespass on the case, brought against the town of East Providence for neglecting to keep one of its highways safe and convenient for travellers, whereby the plaintiff, a traveller upon said highway, was injured.

To this declaration the defendant has interposed three pleas: first, the general issue: secondly, a special plea that the accident occurred upon the unwrought portion of the defendant's highway, along a sparsely built-up section of the town; and thirdly, that the Watchemoket Fire District, a corporation, created the obstruction and defect, whereof the plaintiff complains, under legislative authority contained in its charter, in the unwrought portion of the defendant's highway, and that therefore the said fire district is alone answerable for the consequences thereof.

After issue joined upon the first plea, the plaintiff demurs to

the defendant's second and third pleas, and assigns the following reasons for the demurrer to the second plea:

1.  That the matter therein pleaded is insufficient in law to bar the plaintiff from maintaining her action against the defendant;

2.  That said matter is admissible in evidence under the general issue.

And as reasons for her demurrer to the defendant's third plea, states:

1.  That the matters contained therein are insufficient in law to bar the plaintiff from having her action against the defendant;

2.  That the powers granted to the Watchemoket Fire District, in the act of incorporation, do not relieve the town of East Providence from its primary liability for the defective condition of its highways;

3.  That the liability of the defendant in this action is not affected by any rights the plaintiff or defendant may have as against the Watchemoket Fire District for negligently constituting a defect in said highway.

The first reason assigned by the plaintiff as a ground for her demurrer to the defendant's second plea is insufficient. We can not say, as a matter of law, that the statutory requirement contained in Gen. Laws, cap. 72, § 1, compelling towns to keep their highways in repair, shall be so construed that no distinction should be made between the care necessary for the construction, maintenance, and repair of a country road and that appropriate in the case of a city street. A reasonable distinction ought to be made, taking into consideration the circumstances which naturally and necessarily surround each. What would be reasonable care in the one instance might not be in the other, and the question is one of fact which the jury in each case must determine under proper instructions from the court.

The plaintiff's second reason for this demurrer is not properly before this court, as it is merely formal and, as the matters contained in said plea are admissible under the general issue, the same amounts to no more than a bill of particulars giving

the plaintiff notice of the exact nature of the defence intended to be relied upon by the defendant. If the Common Pleas Division in its discretion shall see fit to allow the plea to stand, the plaintiff will not be injured thereby. The demurrer is, therefore, overruled.

The plaintiff's demurrer to the defendant's third plea must be sustained. No legislative authority to create and maintain the obstruction and defect in the highway complained of has been conferred upon the Watchemoket Fire District. As under Gen. Laws cap. 26, § 15, every act of incorporation is deemed to be a public act, the court will take judicial notice of the provisions of the same for the purposes of construction.

Section 10 of "An act to incorporate the Watchemoket Fire District," passed June 13, 1878, among other things, provides that "Said district for the purposes aforesaid" (distribution of water), "may carry any works to be constructed by them, or authorized to be constructed by them, over or under any highway, turnpike, railroad or street, in such manner as not to permanently obstruct or impede travel thereon; and may enter upon and dig up any highway, turnpike, road or street, for the purpose of laying down pipes or building aqueducts upon or beneath the surface thereof, or for the purpose of repairing the same."

There is nothing in the charter that authorizes the Watchemoket Fire District to maintain a dangerous obstruction in the town's highway. As stated in *City of Scranton* v. *Catterson,* 94 Penn. St. p. 206: "Should they" (The Scranton Gas and Water Co.) "construct a dangerous public nuisance on the highway, the duty of the city, after notice thereof, is plain. If the plug was properly placed, and afterwards the city lowered the grade, thereby causing the obstruction, it was inexcusable neglect. We are of the opinion that the charter contained nothing to relieve the city from liability for its sufferance of the nuisance."

And in *Burnes* v. *City of St. Joseph,* 91 Mo. App. p. 496, it was held that: "The fact that the hydrant was erected by the water works company under a license for that purpose does

not relieve the defendant of liability after it had notice that the street was rendered thereby unsafe and dangerous."

Case remitted to the Common Pleas Division for further proceedings.

*William C. Bliss*, for plaintiff.

*Harmon S. Babcock*, for defendant.